UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN PHILPOTT,

                Plaintiff,                                  Case No. 4:05-CV-70

v                                                  Hon. Gordon J. Quist

CITY OF PORTAGE, et al,

                Defendants.

_____/

**ORDER GRANTING STAY OF DISCOVERY
AS TO DEFENDANT KELLEY WHITING
PENDING RESOLUTION OF ISSUE OF QUALIFIED IMMUNITY**

        This is a civil rights claim for damages filed pursuant to 42 U.S.C. § 1983, alleging that defendant Michigan State Police Trooper Kelley Whiting violated plaintiff's Fourth and Fourteenth Amendment rights by using excessive force due to his failure to loosen plaintiff's handcuffs. The incident at issue occurred on January 21-22, 2005, during a late evening search of plaintiff's apartment by defendant Whiting and various officers of the City of Portage Police Department, during which plaintiff was handcuffed.

        Following a deposition of defendant Whiting on February 24, 2006, Whiting filed a motion for summary judgment on March 16, 2006, raising among other things the defense of qualified immunity to plaintiff's Fourth Amendment claim on the basis that a reasonable police officer in defendant Whiting's position could have believed that his conduct was lawful. On the

same date, Whiting also filed a motion for a protective order to stay discovery until the court has ruled on his motion for summary judgment (docket no. 41).[1]

The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery. *See Pierson v Ray,* 386 U.S. 547 (1967); *Harlow v Fitzgerald,* 457 U.S. 800, 816 (1982).

When confronted with a defense of qualified immunity, the court should determine the threshold question of whether the plaintiff has asserted a violation of a constitutional right. *Hope v Pelzer,* 536 U.S. 730, 736 (2002); *Saucier v Katz,* 533 U.S. 194, 201 (2001). If a constitutional violation has occurred, the court should then determine whether the constitutional right in question was so clearly established at the time of the alleged violation that a reasonable public official acting in the defendant's position would have known that he was violating that right. *Saucier,* 533 U.S. at 201. These qualified immunity inquiries are questions of law to be determined by the district court judge. The question of whether an official is protected by qualified immunity turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time it was taken. *Harlow v Fitzgerald,* 457 U.S. at 818-19. Since the issue of qualified immunity is essentially a legal question for the court to resolve, it should not be avoided by the court's concern for a need for further factual development. *Dominique v Telb,* 831 F.2d 673, 677 (6th Cir. 1987); *see, Summers v Leis,* 368 F.3d 881, 886 (6th Cir. 2004) (a district court normally

---

[1]On March 16, 2006, plaintiff also filed a motion to continue the deposition of defendant Whiting, essentially to explore issues going to defendant Whiting's credibility (docket no. 44). The issue of whether plaintiff should be permitted to take a further deposition of the defendant need not be reached to resolve the pending motion for a stay. As discussed above, the defense of qualified immunity is essentially a legal one to not only liability but to the burdens of litigation, including the sort of follow-up deposition sought by plaintiff. *See, Harlow v Fitzgerald,* 457 U.S. 800 (1982). If Whiting is not entitled to qualified immunity, the court can then address the issue of whether plaintiff is entitled to a second deposition of the defendant.

should not deny a motion for summary judgment based on qualified immunity solely because discovery is not complete.).

Here, defendant did not initially raise the defense of qualified immunity and he was properly subjected to a deposition.  The defense of immunity is an affirmative defense, *Kennedy v City of Cleveland,* 797 F.2d 297, 300 (6th Cir. 1986), and may be waived like any other defense at different stages of litigation.  *English v Dyke,* 23 F.3d 1086, 1089-90 (6th Cir. 1994).  Waiver at any stage is not permanent.  *Id.,* at 1090.  Thus, it can be waived during the discovery process, yet nevertheless raised later in a motion for summary judgment.  *See Id.* at 1090-91.  But now that the defense of qualified immunity has been raised, this court is required to address it – prior to permitting further discovery – absent a finding that material facts are in fact in dispute.  *See Summers* 368 at 886.  The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary prior to resolution of the issue of qualified federal immunity.  The affidavits and other papers filed by the plaintiff fail to convince the court that the purpose of further discovery concerning Trooper Whiting, such as the purported need to delve into unrelated past incidences to see if a credibility problem exists, would have any bearing on the legal issues set forth above which underlie a qualified immunity defense.

Accordingly, defendant's motion for a protective order staying further discovery as to this defendant (docket no. 41) is GRANTED pending resolution of the defense of qualified immunity.

IT IS SO ORDERED.

Dated:  April 14, 2006                    /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge